Argued and submitted September 7, 2007, reversed and remanded May 7, 2008

Jan WRONCY,
*Plaintiff-Appellant,*

*v.*

Raymond Daniel KLEMP,
*Defendant-Respondent.*

Lane County Circuit Court
160421808; A130634

184 P3d 1133

David C. Force argued the cause and filed the briefs for appellant.

Philip R. McConville argued the cause for respondent. With him on the brief was Brown, Roseta, Long, McConville & Kilcullen.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals a judgment for defendant on her claims for assault, battery, and intentional infliction of emotional distress. Plaintiff assigns error to a ruling on an evidentiary objection and to a jury instruction. Because plaintiff's assignment of error on the evidentiary objection is dispositive, we do not reach the other assignment. We reverse and remand for a new trial.

Plaintiff and defendant are neighbors in rural Lane County. Horton Lane is a roadway in the country that crosses defendant's property and provides the only access to a portion of plaintiff's husband's property. Plaintiff and defendant have had disputes over plaintiff's right to use the roadway on defendant's property. On the morning of the incident that gave rise to plaintiff's claims against defendant, plaintiff walked up Horton Lane and encountered defendant and several other people who were in or standing near a pickup that was stopped in the roadway on defendant's property.

Here plaintiff's and defendant's accounts of their shared tale diverge. Defendant testified at trial that plaintiff initiated a confrontation with him by screaming obscenities at him. Plaintiff testified that defendant began the confrontation. According to plaintiff's testimony, she was speaking calmly with defendant's son, Jason, when defendant came around the pickup, got very close to her, and began screaming at her to leave his property. She further testified that, when she did not immediately depart, defendant grabbed the back of her hair, yanking her head backward while pushing her body forward. Plaintiff then sought to testify about an incident in which she had watched defendant run over a neighbor with his pickup truck during an argument over the use of the roadway. Plaintiff's counsel initially asked plaintiff, "[H]ave you ever observed what you believed to be an act of violence by [defendant] before [the confrontation giving rise to this action]?" After defendant objected on relevance grounds, plaintiff's counsel explained, "[Plaintiff] is claiming fear and terror and she has got a right to explain why." The court stated, "You need a better foundation for that. The objection to that question is sustained." Plaintiff's counsel

then asked plaintiff, "Okay. Well, [have] you ever observed personally another person being—suffering injuries from the conduct of [defendant] on that road?" Defendant again objected on relevance grounds, and the court sustained the objection. Later, out of the presence of the jury, plaintiff's counsel made an offer of proof, stating that plaintiff would have testified that she "had actually observed [defendant] run over her neighbor Jolene Maurer with his pickup truck while they were having a verbal dispute about this road." The court accepted the offer of proof but did not alter its ruling. The case ultimately was submitted to a jury, which returned a verdict for defendant.

■■ On appeal, plaintiff assigns error to the trial court's evidentiary ruling, arguing that the excluded evidence was relevant and therefore admissible under OEC 401. She contends that evidence that she had watched defendant drive over a neighbor's foot in a confrontation over the use of Horton Lane supports her account of her confrontation with defendant, because it supports the proposition that she feared defendant and would not have initiated a confrontation with him over her use of the roadway.

■ Defendant responds that the trial court did not err in sustaining the objection because (1) the evidence was not relevant; (2) even if it was relevant, it could properly be excluded under OEC 403 because its probative value was far outweighed by its risk of causing unfair prejudice to defendant; and (3) plaintiff failed to establish a proper foundation under OEC 404 to admit the evidence. Because defendant did not raise the latter two objections at trial, we cannot address them on appeal. OEC 403, "by its nature, requires the reasoned exercise of discretion by the trial court in the first instance." *State v. Ventris*, 164 Or App 220, 230 n 6, 991 P2d 54 (1999). Furthermore, where a party asserts an alternative ground for affirming an evidentiary ruling for the first time on appeal and the record could have been developed differently if the alternative ground had been raised at trial, then "preservation principles preclude reliance on the new, alternative ground." *State ex rel Juv. Dept. v. Pfaff*, 164 Or App 470, 478, 994 P2d 147 (1999). Although the trial court told plaintiff's counsel that he "need[ed] a better foundation," that statement alone, in the context of defendant's objection on

relevance grounds, was insufficient to alert counsel that he needed to establish a foundation under OEC 404. Hence, we turn to whether plaintiff's proffered evidence was relevant evidence.

 Whether evidence is relevant presents a legal issue. *State v. Titus,* 328 Or 475, 481, 982 P2d 1133 (1999). Relevant evidence is defined in OEC 401 as

"evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

OEC 401 sets a very low threshold for the admission of evidence. *State v. Barone,* 329 Or 210, 238, 986 P2d 5 (1999). All relevant evidence is admissible unless there is a proper basis to exclude it. *See* OEC 402. However, when relevant evidence is erroneously excluded, the party challenging the exclusion must show that the exclusion affected a substantial right, that is, that the excluded evidence could have affected the outcome of the trial. OEC 103(1); *Haas v. Port of Portland,* 112 Or App 308, 313-14, 829 P2d 1008 (1992).

Plaintiff's account of her confrontation with defendant, if believed, could support findings in her favor on her claims against defendant for assault, battery, and intentional infliction of emotional distress. Conversely, defendant's account, if believed, would foreclose findings in plaintiff's favor on her claims. Because the excluded evidence could make it more likely for a jury to believe plaintiff's account of the confrontation, the evidence was relevant. Hence, the court erred in excluding it.

We also conclude that the error in excluding the evidence affected a substantial right. The jury's decision likely turned on whose account of the confrontation between plaintiff and defendant the jury believed. Because the excluded evidence could well have affected the jury's resolution of that issue, we must reverse the judgment for defendant and remand the case for a new trial.

Reversed and remanded.